IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALEXANDER BRINSON, #146986, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-1022-ID |
| | ) | [WO] |
| | ) | |
| DR. DARBOUZE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Alexander
Brinson ["Brinson"], a state inmate and frequent federal litigant.  In this complaint, Brinson
complains that numerous health care personnel at the Easterling Correctional Facility falsified
medical records and failed to provide him medical screening each time he requested such action.
*Plaintiff's Complaint - Court Doc. No. 1* at 3.[1]  Specifically, Brinson alleges from August 1, 2009
until October 31, 2009 he "turn in about 60 medical forms" for sick call screening but medical
personnel did not provide screening upon receipt of each and every request.  *Id*.  He further
complains that when medical personnel did examine him they improperly determined "they didn't
see anything wrong with me, when it was."  *Id*.

Upon initiation of this case, Brinson filed a motion for leave to proceed *in forma pauperis*
pursuant to the provisions of 28 U.S.C. § 1915(a).  *Application to Proceed Without Prepayment of*

---

[1]Brinson made the same conclusory, self-serving allegation regarding fabricated medical records in a prior
cause of action.  *Brinson v. Darbouze*, Case No. 2:09-CV-746-ID-TFM (M.D. Ala. 2009).  In that case, as in the
present complaint, Brinson presents no evidence to support this allegation.  However, in the prior cause of action the
defendants submitted affidavits and other evidentiary materials which refute Brinson's claim.  This court may take
judicial notice of the documents submitted in *Brinson v. Darbouze*, Case No. 2:09-CV-746-ID-TFM (M.D. Ala.
2009).

*Fees - Court Doc. No. 2.*  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to

bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of  serious danger of serious

physical injury."[2]

The records of this court establish that Brinson, while incarcerated or detained, has on at least

four occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or

for asserting claims against defendants immune from suit pursuant to the provisions of 28 U.S.C.

§ 1915.  The actions on which this court relies in finding a § 1915(g) violation are:  (1) *Brinson v.*

*Frith, et al.*, Case No. 2:97-CV-1022-WHA-JLC (M.D. Ala. 1997), (2) *Brinson v. Nix, et al.*, Case

No.2:97-CV-906-WHA-JLC (M.D. Ala. 1997), (3) *Brinson v. Jones, et al.*, Case No. 2:95-CV-1548-

ID-JLC (M.D. Ala. 1996), and (4) *Brinson v. Jones, et al.*, Civil Action No. 2:95-CV-1547-MHT-

JLC (M.D. Ala. 1996).[3]

In the instant complaint, Brinson alleges the defendants falsified medical records regarding

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

[3]The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

examinations conducted during sick call screenings.  However, he likewise concedes medical personnel did, in fact, conduct examinations on a number of occasions during such time period. Brinson also challenges the adequacy of medical treatment provided to him since August 1, 2009. Specifically, Brinson maintains health care personnel failed to properly review his requests for medical treatment and refused to provide him treatment he perceived necessary for his complaints. *Plaintiff's Complaint - Court Doc. No. 1* at 3.  The medical records filed by Brinson in his prior cause of action, *Brinson v. Darbouze*, Case No. 2:09-CV-746-ID-TFM (M.D. Ala. 2009), do not support his allegations; rather, these records indicate health care personnel carefully reviewed each request submitted by Brinson, evaluated his complaints, performed physical examinations when necessary and rendered treatment, including provision of various medications, in accordance with their professional judgment.  It is likewise clear Brinson retains the right to request medical treatment at any time during his incarceration and that such request will be reviewed by a medical professional. However, the course of treatment undertaken is not governed by the inmate's mere request for treatment but is instead provided based on the assessment of his condition by health care professionals.

After thorough review of the claims presented by Brinson and the records of this court considered upon judicial notice, it is clear that the claims now before this court do not entitle Brinson to circumvent the directives of § 1915(g) as the allegations fail to establish an "imminent danger of serious physical injury" to Brinson at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C.§ 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to

evade application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury....'").

Based on the foregoing, the court concludes that Brinson's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Brinson failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Alexander Brinson (Court Doc. No. 2) be and is hereby DENIED.    Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before November 24, 2009 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th, November, 2009.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE